# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| ALEJANDRO BENAVIDEZ, § § *Plaintiff*, § § v. § § BURLINGTON NORTHERN SANTA FE CORP.; § BNSF RAILWAY COMPANY; U.S. § DEVELOPMENT GROUP, INC.; DEER PARK § TERMINAL, LLC; DEER PARK TERMINAL, § INC.; USD, LLC; USD TERMINAL, LLC; § U.S. DEVELOPMENT GROUP, LLC; & § RAILSERVE, INC. § § *Defendants*, § | CIVIL ACTION G-07-00105 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), by Railserve, Inc., along with an almost identical motion by Deer Park Terminal, L.L.C.; Deer Park Rail Terminal, Inc.; U.S. Development Group, Inc.; USD, L.L.C.; USD Terminals; and U.S. Developmental Group, L.L.C. Dkts. 25, 26. Having considered the issues presented to the court, the applicable law, and for the reasons that follow, the court is of the opinion that Railserve's[1] motion to dismiss should be DENIED.

### I. BACKGROUND

Plaintiff Alejandro Benavidez brought this action against defendants Burlington Northern Santa Fe Corp.; BNSF Railway Company; U.S. Development Group, Inc.; Deer Park Terminal, LLC; Deer Park Terminal, Inc.; USD, LLC; USD Terminal, LLC; U.S. Development Group, LLC; and

---

[1] Because the two motions for dismissal are almost identical, the court will address them as one. Any reference to Railserve's motion should be interpreted as a reference to both motions for dismissal.

Railserve, Inc. to recover damages for injuries sustained during an accident that took place on or about April 4, 2005. Dkts. 1, 26. At the time of the accident, Benavidez was a helper and switchman for Railserve, Inc., working at the Deer Park Terminal in Pasadena, Texas. Dkts. 26, 41. Benavidez suffered an amputation to his lower left leg when he fell or was thrown from the end of a railcar during switching operations. *Id.* Benavidez asserts claims pursuant to both the Federal Employer's Liability Act ("FELA") and common law negligence. Dkt. 1.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

This concept of the federal courts' subject matter jurisdiction is often confused or conflated with the essential ingredients of a federal claim for relief. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1238 (2006). "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003 (1998). In the interest of fairness and efficient use of judicial resources, the courts will not constrict statutory jurisdictional provisions, and any statutory limitations that are not expressly jurisdictional should be treated as nonjurisdictional in character. *Arbaugh*, 126 S. Ct. at 1245.

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack"

upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* Because Railserve's motion does not contain supporting evidence, the court treats it as a facial attack. Accordingly, when examining Railserve's argument, Benavidez's allegations in the complaint will be presumed true. Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879.

### III. ANALYSIS

Railserve contends that the court lacks subject matter jurisdiction "over this action because Plaintiff cannot establish liability under FELA against any Defendant as a matter of law."[2] Dkts. 25,

---

[2] The defendants also request that the court not exercise supplemental jurisdiction over Benavidez's state law negligence claims. Dkts. 25, 26. However, because the court has subject matter jurisdiction over Benavidez's FELA claim, the court need not address defendants' concerns about supplemental jurisdiction.

-3-

26. Railserve argues that Benavidez cannot meet all of the elements for recovery under 45 U.S.C. § 51 against any defendant because (1) Benavidez was not an employee of any defendant other than Railserve; and (2) Railserve is not a "common carrier[] by railroad." *Id. See also Smith v. Med. & Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997) (describing the four elements necessary for recovery under § 51).

Railserve's contentions as to Benavidez's possibility of recovery address the substance of Benavidez's claim rather than this court's jurisdiction. Federal district courts have subject matter jurisdiction in FELA suits based on both 45 U.S.C. § 56 and 28 U.S.C. § 1331. *See, e.g., Francisco v. Burlington N. R.R. Co.*, 204 F.3d 787, 788 (8th Cir. 2000); *Schweitzer v. Consol. Rail Corp.*, 758 F.2d 936, 939 (3d Cir. 1985). FELA's jurisdictional provision states that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. The federal-question jurisdiction statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of this jurisdictional statute if it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action either was created by federal law or involves an essential component that is based on federal law. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983) (noting that a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law"); *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S. Ct. 585 (1916) ("A suit arises under the law that creates the cause of action."); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42 (1908) (establishing that federal-question jurisdiction is present "only when the plaintiff's

statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution").

Benavidez's complaint includes a FELA cause of action, which is created by federal law. 45 U.S.C. § 51; Dkt. 1. And according to Benavidez, his cause of action stems from events on April 4, 2005, thus satisfying FELA's jurisdictional time limitation. 45 U.S.C. § 56; Dkt. 1, ¶ 13. Therefore, the court has subject matter jurisdiction pursuant to both 28 U.S.C. § 1331 and 45 U.S.C. § 56. Railserve's arguments about Benavidez's employment and the definition of a "common carrier" go to the substance of Benavidez's FELA claim, pursuant to 45 U.S.C. § 51, and are thus inappropriate for the purposes of Rule 12(b)(1). *See Arbaugh*, 126 S. Ct. at 1245 (establishing a bright-line rule that any statutory limitations not expressly ranked as jurisdictional should be treated as nonjurisdictional in character).

## IV. CONCLUSION

Benavidez's complaint easily stands up to a facial attack on subject matter jurisdiction. Thus, after reviewing the issues presented, the applicable law, and for the reasons above, defendants' motions to dismiss for lack of subject matter jurisdiction are DENIED.

It is so ORDERED.

Signed at Houston, Texas on August 15, 2007.

Gray H. Miller
United States District Judge